# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHANIE SWEET,

    Plaintiff,

v.                                                     Case No: 8:23-cv-631-CEH-SPF

E-Z DISTRIBUTION, LLC,
NATORGANICS DISTRIBUTION &
MFG, LLC, ZACKORI R. SCALF,
FREEDOM VAPOR, LLC, and
ZACKORI R. SCALF AS TRUSTEE
FOR ECOM MANAGEMENT
TRUST,

    Defendants.

_____

## ORDER

This wrongful death action is before the Court on Plaintiff's Amended Petition to Approve Minors' Settlement and Distribution (Doc. 77). After a hearing, the Court denied the prior petition (Doc. 71) without prejudice and directed Plaintiff to file an amended petition responding to concerns identified at the hearing. Doc. 75. Upon review, for the reasons stated herein, the Court will grant the Amended Petition and approve the proposed settlement and distribution.

## BACKGROUND

This action arose out of the death of Plaintiff Stephanie Sweet's husband Joel Bowlsby. Doc. 77 at 2. He died on September 15, 2021, allegedly from mitragynine toxicity caused by Defendants' kratom products. *Id.* Subsequently, Plaintiff,

individually and as trustee for the heirs and next of kin of Joel Bowlsby, brought claims for failure to warn, strict liability design and manufacturing defect, breach of warranty, fraudulent misrepresentation, negligence, and wrongful death against Defendants. Doc. 1. The lawsuit also asserted claims on behalf the couple's two minor children as beneficiaries. *See* Docs. 1, 77.

The parties have reached an agreement to settle all claims for $650,000. *See* Doc. 77-2. After accounting for a 40% contingent attorney's fee and reimbursement of expenses (Doc. 77 at 3), Plaintiff requests that the remaining settlement proceeds be distributed as follows: 50% to Stephanie Sweet, Plaintiff, and 25% to each of her minor children, O.B. and A.B. *Id.* at 3–4.

As part of her amended petition, Plaintiff requests that she be allowed to place the portion of the settlement allocated to the minors into two separate "Crummey" trusts. *Id.* at 4. She states that under such a trust, she would not have access to the funds except for items for the exclusive benefit of the minors, such as education, healthcare, maintenance, or support. *Id.* She states that the minors will not have access to the funds until their respective 18th birthdays, at the earliest, and that she will establish the trusts with the assistance of an attorney in Minnesota. *Id.* She indicates that a Crummey trust is one of the few options that could be utilized for the benefit of the minors because settlement payments will be made in installments. *Id.* The assets in the trust can be invested and grow over time, and the trustee shall invest the money in assets that are reasonable and prudent considering the minors' current ages, ages upon vesting, and likely future needs. *Id.* Plaintiff also presents an alternative option—a

Minnesota 529 College Savings Plan, under which Plaintiff would not have access to the funds except for educational expenses of the minors. *Id.* Finally, Plaintiff states she is not aware of any conflicts of interest she may have with her minor children. *Id.*

## DISCUSSION

Under Florida law,

> Court approval of any settlement after an action involving a child is commenced is required [under Florida law]. The settlement must be for the best interest of the ward. When determining if a settlement agreement should be approved, [t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties. The purpose of court approval is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective.

*L.P. v. School Bd. of Brevard Cty.,* No. 6:19-cv-2308-RBD-GJK, 2020 WL 7079143, at *2–3 (M.D. Fla. Nov. 18, 2020) (internal citations and quotation marks omitted), *report and recommendation adopted,* 2020 WL 7074537 (M.D. Fla. Dec. 3, 2020).[1] "Put another way, [t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *Barrett v. FECNA Am., Inc.,* No. 6:18-cv-2200-WWB-GJK, 2020 WL 3841295, at *1 (M.D. Fla. May 20, 2020) (quoting *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991)).

---

[1] *See also Dortch v. Castiel Shipping Inc.,* No. 3:21-CV-613-BJD-JBT, 2022 WL 21737662, at *2 (M.D. Fla. Mar. 2, 2022), *report and recommendation adopted*, No. 3:21-CV-613-BJD-JBT, 2022 WL 21737670 (M.D. Fla. Mar. 25, 2022).

As described below, the Court will approve the proposed settlement and distribution as being in the best interest of minor children O.B. and A.B., as it is "fair, adequate, and reasonable and is not the product of collusion of the parties." *See L.P.,* 2020 WL 7079143, at *3.

The total settlement is for $650,000. Doc. 77-2. That amount is fair, adequate, and reasonable given its significant size and there being no indication that it was the product of collusion of the parties. Moreover, Plaintiff is the mother of the minor children and shares their interest in maximizing the amount of the settlement for all of the beneficiaries.

Plaintiff desires that the settlement (after attorney's fees) be allocated as follows: 50% to her, and 25% to each of the minor children. Doc. 77-2. This distribution is fair and acceptable, and in the best interest of the minor children.

Next, as was discussed at the hearing, Plaintiff has provided additional detail on protection of the funds set aside for her minor children. *Doolin v. Pneumo Abex LLC,* No. 3:16-CV-778-MMH-PDB, 2019 WL 665748, at *1 (M.D. Fla. Feb. 5, 2019). The Court finds acceptable Plaintiff's proposal that the settlement funds be placed in two irrevocable Crummey Trusts, established for the sole benefit of her minor children. Plaintiff indicates that she would not have access to the funds except for items for the exclusive benefit of the minors, and that the funds shall be invested for the benefit of the minors by the trustee. Doc. 77 at 4 ¶ 13. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Amended Petition to Approve Minors' Settlement and Distribution (Doc. 77) is **GRANTED**.

2. The Settlement Agreement and Releases (Docs. 71-1, 71-2, 77) and the proposed Distribution Grid (Doc. 77-2) are **APPROVED**.

3. The proposed settlement and distribution is in the best interest of Plaintiff's minor children, O.B. and A.B. Plaintiff is authorized to receive and accept the settlement funds on behalf of the minor children, O.B. and A.B. Plaintiff shall place the portion of the settlement funds granted to the minor children into two separate Crummey trusts, one for each child.

4. The Clerk is **DIRECTED** to seal the Contingent Fee Contract (Doc. 78, Exhibit B) and the proposed Distribution Grid (Doc. 77-2) as they contain confidential information that should not be made public.

5. The Clerk is further **DIRECTED** to terminate all deadlines and motions, and to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 28, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record